**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6791**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN ANDRE SPOTTS, a/k/a Shorty,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:98-cr-00047-1)

Submitted:  November 8, 2021                    Decided:  December 16, 2021

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Kelvin Andre Spotts, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Andre Spotts appeals the district courts order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We vacate the court's order and remand for further consideration.

We review a district court's ruling on a compassionate-release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). A district court also abuses its discretion "when it ignores unrebutted, legally significant evidence." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (internal quotation marks omitted).

The district court denied Spotts' compassionate-release motion on the ground that the mere possibility of contracting a virus in prison does not qualify as an extraordinary and compelling reason for compassionate release. But Spotts offered more than just a generalized fear: he argued that he is particularly susceptible to severe illness or death from COVID-19 due to his preexisting medical conditions and that he has a high risk of contracting the disease due to crowded prison conditions. And, "[i]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the

2

disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *accord United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

We conclude that the district court abused its discretion when it denied relief without considering "unrebutted, legally significant evidence"—that is, Spotts' allegations that he suffers from two conditions that render him particularly susceptible to severe illness or death from COVID-19 and that he has a high risk of contracting the virus at his prison. *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 171 (internal quotation marks omitted). Accordingly, we vacate the district court's order denying Spotts' motion for compassionate release and remand for further consideration.[*] We deny Spotts' motion for summary disposition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no opinion on the merits of Spotts' motion.

3